UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | |
|---|---|
| **TONNETTE JACKSON,**<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>**I. C. SYSTEM, INC.,**<br><br>　　　　*Defendant.* | Civil Action No.  4:19-cv-01702-SEP |

## NOTICE OF SUPPLEMENTAL AUTHORITY

　　　　As supplemental authority in support of its Motion for Summary Judgment, Defendant I.C. System, Inc., submits the attached opinions from the following cases: *Bieber v. Associated Collection Svc., Inc.*, 631 F.Supp. 1410 (D. Kan. 1986); and *Burthlong v. Midland Funding, LLC, et al.*, Civil Action No. 08-4658, 2010 WL 420554 (E.D. La. Jan. 29, 2010).

　　　　In *Bieber*, the District of Kansas considered whether a debt collector violated the FDCPA when its representative asked the debtor whether she intended to file bankruptcy after the debtor informed the collector that she was represented by counsel.  631 F.Supp. at 1417.  There, the court noted that the bankruptcy inquiry was made after the plaintiff informed the debt collector that she was represented, but during the same telephone call.  *Id*.  The court further noted the "one additional question" was a legitimate inquiry, not the kind of additional communication prohibited by the FDCPA, which was designed "to prevent repeated phone calls and letters directly to the debtor after the debt collector knows that person to be represented by an attorney."  *Id*.  Finally, the court found the bankruptcy question was not designed to harass or abuse the debtor, and was not oppressive or outrageous.  *Id*.  The court found in favor of the debt collector in that the inquiry did not violate the FDCPA.

1

In *Burthlong*, the Eastern District of Louisiana considered whether a phone call made by the debtor to a debt collector's attorney implied her consent to communicate with the debt collector, despite being represented by counsel. 2010 WL 420554 at *2. There, the court found a debtor had the ability to directly consent to communicate with a debt collector. *Id*. "The statute does not strip a represented consumer of the right to directly contact the debt collector; rather, the statute restrains conduct on the part of the debt collector, not the consumer." *Id*. As a result, by taking the debtor's call and answering her questions about the debt, the debt collector's attorney did not violate the FDCPA. *Id*.

Dated: November 16, 2020.                    Respectfully submitted,

**MALONE FROST MARTIN PLLC**
*By:/s/ Patrick A. Watts*
PATRICK A. WATTS, ESQ., Bar No. 61701
**MALONE FROST MARTIN PLLC**
7733 Forsyth Blvd, Suite 600
St. Louis, Missouri 63105
Email: pwatts@mamlaw.com
P: (314) 669-5490 | F: (888) 632-6937
**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to counsel via **ECF** on this 16th day of November 2020 to the following recipients:

Richard A. Voytas, Esq.
rick@rossvoytas.com
ROSS & VOYTAS, LLC
12444 Powerscourt Drive, Suite 370
St. Louis, MO 63131
Phone: (314) 394-0605
Facsimile: (636) 333-1212
*Attorneys for Plaintiff*

                    By:/s/ Patrick A. Watts
                    PATRICK A. WATTS