UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TONNETTE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-01702-SEP |
| | ) | |
| I.C. SYSTEM, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are several motions concerning the scope and necessity of discovery. Plaintiff Tonnette Jackson filed a Motion for Partial Summary Judgment.  Doc. [16].  Defendant I.C. System, Inc. responded with a Motion for Discovery under Federal Rule of Civil Procedure 56(d) ("Rule 56(d) Motion").  Doc. [23].  Defendant then moved to compel discovery.  Doc. [27].  As the discovery deadline approached, Plaintiff filed a Motion for Modification of Scheduling Order and Extension of Time ("Motion to Extend").  Doc. [31].  Defendant also filed its own Motion for Summary Judgment.  Doc. [34].

The time for briefing these motions has expired.  The Court held a status conference to discuss the underlying issues on October 15, 2020.  The motions are all ripe for disposition.

**I.      Background**

Plaintiff, an individual, called Defendant, a debt collection agency, to ask "questions about a bill." Doc. [20].  Defendant verified her identity and confirmed that its records showed a balance of $648.59.  *Id.*  Plaintiff expressed concern that the amount was higher than she expected.  *Id.*  She asked if fees had been added to the bill for services she had received.  *Id.*  The parties discussed how information gets reported to Defendant, and why certain information would show up on Plaintiff's account.  *Id.*  Plaintiff asked whether the bill for $648.59 was affecting her credit rating.  *Id.*  Defendant told her the date at which the delinquency would be eligible for credit reporting.  *Id.*

1

After the parties had conversed for more than three minutes, Plaintiff stated that she was unable to pay the bill and reported that she had hired an attorney.  *Id.*  Defendant asked if the attorney was a bankruptcy attorney, and Plaintiff stated that she had hired her attorney "to help me settle my debt."  *Id.*  This lawsuit arises out of the discussion that followed:

> **Defendant**:  Okay.  Alright.  Well, we were willing to work with you as a valued customer of Ameren Missouri.  You could have called us.  We could have got you set up on some small affordable payments to get it resolved.  But if you want to work with Mr. Smith, that is fine.  Are you giving us authorization to speak with him if he calls and requests any information?
>
> **Plaintiff**:  Yes, but what do you mean?
>
> **Defendant**:  What do you mean, "what do I mean"? . . . Your account is here in our office.  Even though it is eligible for credit reporting on February 23, 2019, we could have worked with you in resolving the matter.  We didn't need the whole balance in full.  If you needed time to pay over time, we could have set you up on maybe $50-a-month payments or whatever that was affordable to you.  You didn't have to go and—I don't know if you are paying him or anything—but you didn't have to go and pay somebody to do that for you.  You could have just did that on your own and we would have worked with you.
>
> **Plaintiff**:  I hired a lawyer to help me do that, though.
>
> **Defendant**:  Okay, okay. That's fine.  I was just letting you know, in case . . . something does happen, even in the future, if something does happen, we would be willing to work with you.
>
> **Plaintiff**:  I understand.

*Id.*  Defendant then confirmed that it would note Plaintiff's authorization to speak to her attorney and requested the attorney's phone number.  The conversation lasted over six minutes.

Based on the above conversation, Plaintiff brought this lawsuit alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  The Case Management Order issued on December 2, 2019.  Doc. [15].  Eight days later, Plaintiff filed her Motion for Partial Summary Judgment on liability under 15 U.S.C. § 1692c(a)(2).  Doc. [16].  Defendant filed its Rule 56(d) Motion and later a Motion to Compel to address Plaintiff's objections to Defendant's written discovery.  Docs. [23], [27].  Independent from that dispute, Plaintiff requested an extension of discovery if the Court rules adversely on her Motion for Partial Summary Judgment.  Doc. [31].

2

For the reasons set forth below, the Court will deny Plaintiff's Motion for Partial Summary Judgment, grant Defendant's Rule 56(d) Motion, and grant, in part, Defendant's Motion to Compel.  Because both parties request additional discovery, the Court will invite them to submit jointly a proposed amended case management order.

## II.   Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, a court must grant a motion for summary judgment if it finds "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "A genuine issue of material fact exists if a reasonable jury could return a verdict for" the non-movant.  *Cockram v. Genesco, Inc.*, 680 F.3d 1046, 1051 (8th Cir. 2012) (quoting *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 397 (8th Cir. 2011)).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).  The burden then shifts to the non-movant to "present specific evidence, beyond 'mere denials or allegations [that] . . . raise a genuine issue for trial.'" *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (quoting *Wingate v. Gage Cnty. Sch. Dist.*, 528 F.3d 1074, 1078-79 (8th Cir. 2008)).

## III.   Discussion

Congress enacted the FDCPA in 1977 to address abusive, deceptive, and unfair debt collection practices.  15 U.S.C. § 1692(a).  Congress sought to minimize abusive practices which, it had determined, "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*  Congress sought to eliminate abusive debt collection practices without disadvantaging debt collectors who refrain from such practices.  *Id.* § 1692(e).  Plaintiff's Motion for Partial Summary Judgment concerns the prohibition of direct communication between a debt collector and a consumer represented by an attorney.  15 U.S.C. § 1692c(a).

This case tests the boundaries of the offensive use of the FDCPA—that is, whether a debtor (or debtor's counsel) may deliberately induce a violation.  Plaintiff makes two arguments on that subject in every brief, so the Court will address those arguments at the outset.

3

First, Plaintiff contends that Defendant is trying to prevent all offensive uses of the FDCPA.  *See, e.g.*, Docs. [17] at 11-12; [24] at 3-8; [29] at 2-3, 5-6.  She presents a litany of cases in which courts have found that the FDCPA did not preclude a party from leading, or "baiting," a debt collector into committing a violation.  Yet this case appears to be the first in the Eastern District of Missouri to address whether a debtor can intentionally induce a violation under § 1692c(a)(2)—a question on which the Eighth Circuit has not yet opined.[1]

To protect consumers from abusive practices, the FDCPA prohibits certain communications including direct communication between a debt collector and a consumer represented by an attorney.  15 U.S.C. § 1692c(a).  Plaintiff argues that the FDCPA "flatly prohibits contact with a consumer after a debt collector has actual knowledge that the consumer is represented with respect to the debt in question."  Doc. [17] at 2.  The text of the FDCPA is not quite as cramped as Plaintiff would have the Court believe:

> *Without the prior consent of the consumer* given directly to the debt collector *or the express permission of a court of competent jurisdiction*, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, *unless the attorney fails to respond within a reasonable period of time* to a communication from the debt collector or *unless the attorney consents to direct communication* with the consumer[.]

15 U.S.C. § 1692c(a)(2) (emphasis added).  In fact, § 1692c(a) permits direct communication between a debt collector and a debtor who has hired an attorney under several circumstances.  For example, debt collectors may communicate with a represented consumer with "prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction."  *Id.* § 1692c(a).  More relevant here, they may also do so when "the attorney [representing the consumer] consents to direct communication with the consumer[.]"  *Id.* § 1692c(a)(2).  Within the FDCPA, these exceptions are unique to § 1692c.  Because Plaintiff

---

[1] Plaintiff cites to *Istre v. Miramed Revenue Grp., LLC*, No. 4:14 CV 1380 DDN, 2014 WL 4988201 (E.D. Mo. Oct. 7, 2014), as a case discussing offensive use of § 1692c.  But *Istre* ruled on a motion to dismiss, and no analysis of consent was provided except "that the mere fact [plaintiff] initiated the phone call is not conclusive" for consent.  *Id.* at *2.  Here, the Court is reviewing a motion for summary judgment, and Defendant's consent argument does not rest on "the mere fact [Plaintiff] initiated the phone call," so *Istre* is inapposite.

cites cases which do not discuss the exceptions under § 1692c, Plaintiff's cases provide little insight into the central question in this case.

Second, Plaintiff argues—without addressing recent Eighth Circuit precedent to the contrary, *Scheffler v. Gurstel Chargo, P.A.*, 902 F.3d 757 (8th Cir. 2018)—that it is well-settled that waiver does not apply to § 1692c claims.[2]  *E.g.*, Docs. [24] at 4; [29] at 2-3, 5-8.  In *Scheffler*, the plaintiff debtor sent the defendant debt collector a cease-communications letter, which, under a different subsection of § 1692c, triggers a ban on further communication between the debt collector and the debtor about a debt.  *Scheffler*, 902 F.3d at 761; 15 U.S.C. § 1692c(c).  Later, the plaintiff called the defendant, and the parties discussed the possibility of settling the debt.  902 F.3d at 761.  The plaintiff alleged that the defendant violated § 1692c(c).  *Id.*  The district court disagreed, *Scheffler v. Gurstel Chargo, P.A.*, Civil No. 15-4436(DSD/SER), 2017 WL 1401278, *3 (D. Minn. April 19, 2017), and the Eighth Circuit affirmed that the defendant had not violated the FDCPA and, further, that the plaintiff had waived the protections of the FDCPA by initiating the conversation about settling the debt.  902 F.3d at 760.

The Eighth Circuit specifically rejected Scheffler's argument that "he called only about the topic of the garnishment summons and did not wish to talk about the debt."  *Id.* at 763.  On review of the conversation, the Eighth Circuit found that the defendant had discussed settlement of the debt only after the plaintiff had asked about it directly.  *Id.*  The Eighth Circuit also noted that "[a]t no point did [the defendant] pressure or badger [the plaintiff] in any way."  *Id.*  In affirming waiver, the Eighth Circuit held that "[a]n unsophisticated consumer would know that by behaving like [the plaintiff], he was waiving his rights under § 1692c(c) so as to allow the debt collector to answer his question."[3]  *Id.*

As in *Scheffler*, Plaintiff here contends that "the entire point of Plaintiff's call was to inform Defendant of her attorney representation."  Doc. [17] at 3.  But the recording of the phone call suggests a different story—a story that bears a striking resemblance to *Scheffler*.  Like

---

[2] Plaintiff does acknowledge *Scheffler* in its response to Defendant's Motion for Summary Judgment, which the Court does not rule on here.  Doc. [39] at 15.  But Plaintiff merely restates its conclusions regarding the unsophisticated consumer standard and impropriety of discovery into the circumstances surrounding the phone call at issue.  *Id.*  Plaintiff does not analyze *Scheffler* or provide support for its claim that a similar kind of waiver cannot apply here.

[3] The Eighth Circuit expressly reserved whether the unsophisticated consumer standard was correct for evaluating waiver under § 1692c(c).  *Scheffler*, 902 F.3d at 762 n.2.

Scheffler, Plaintiff initiated the conversation with Defendant and asked several questions about her account, engaging in conversation about it for over three minutes before mentioning that she had hired an attorney. Also as in *Scheffler*, Defendant at no point pressured or badgered Plaintiff to settle the debt.[4] The possibility of waiver under § 1692c(a) may not automatically follow from the Eighth Circuit's holding as to § 1692c(c), but the fact that the Eighth Circuit found waiver of a closely related provision of the same section of the statute is certainly relevant to this Court's analysis of the novel question of statutory interpretation before it.

Against this background, the Court will address the parties' other arguments as to each motion.

### A.  Motion for Partial Summary Judgment and Rule 56(d) Motion

Plaintiff moves for summary judgment on the issue of liability for violating § 1692c(a)(2). To prove a violation of that statute, Plaintiff must show that she is a "consumer" and Defendant is a "debt collector," as both terms are defined by statute, 15 U.S.C. § 1692a; that Defendant communicated with Plaintiff "in connection with the collection of any debt"; that Defendant knew Plaintiff was represented by an attorney with respect to such debt; and that Defendant had knowledge of or could readily ascertain the attorney's name and address.

But proving those elements is not sufficient for summary judgment under 1692c(a). As noted above, the text of § 1692c(a)(2) identifies four circumstances where those elements may be satisfied without a violation of the statute. Two are relevant here: when the consumer gave "prior consent" "directly to the debt collector" and when the consumer's attorney consented to direct communication with the consumer. 15 U.S.C. § 1692c(a)(2). Additionally, *Scheffler* holds that a consumer can, under certain factual circumstances, waive at least some protections afforded by § 1692c. *See* 902 F.3d at 763 (finding waiver of protections under § 1692c(c)).

Plaintiff doggedly insists that consent and waiver are not appropriate areas of inquiry and, accordingly, she did not provide or identify the facts "which [she] believes demonstrate the absence of a genuine issue of material fact" as to those issues. *Celotex*, 477 U.S. at 323. Of

---

[4] Of course, the cases are not identical. Plaintiff's questions were less direct than Scheffler's, and, because of the exceptions in § 1692c(a), the prohibition against communication at issue here is less explicit than Scheffler's cease communications letter. Where the district court in *Scheffler* found "the call [to be] an unsubtle and ultimately unsuccessful attempt to provoke" an FDCPA violation, the phone call here is a more subtle and possibly successful attempt to provoke a FDCPA violation. *Scheffler*, Civil No. 15-4436 (DSD/SER), 2017 WL 1401278, *3. Still, the similarities are sufficient to justify discovery to determine the circumstances surrounding Plaintiff's phone call.

course, Plaintiff's Motion was filed a mere eight days after the CMO issued, and the Court is sympathetic with the difficulty of proving a negative proposition (e.g., the absence of consent or waiver), especially before it is even challenged.  *See, e.g.*, *Trs. Of Chicago Painters & Decorators Pension, Health and Welfare, and Deferred Sav. Plan Tr. Funds v. Royal Int'l Drywall & Decorating, Inc.*, 493 F.3d 782, 789 (7th Cir. 2007) (addressing a procedurally improper argument because "proving a negative proposition is inherently difficult").  Thus, for the purposes of deciding whether to grant Defendant's Rule 56(d) Motion, the Court will assume that Plaintiff has satisfied her initial burden for partial summary judgment as to liability under § 1692c(a).

In response to Plaintiff's prima facie case for summary judgment, Defendant argues that it "has reason to believe" that Plaintiff's attorney consented to direct communication with Plaintiff and that Plaintiff waived her § 1692c protections.[5]  Doc. [23] at 1-2.  In her deposition and in response to written discovery requests, Plaintiff objected to questions seeking information related to those arguments.  Therefore, Defendant requests additional time for discovery under Federal Rule of Civil Procedure 56(d), which allows courts to deny a motion for summary judgment when the nonmovant shows by affidavit or declaration that it cannot present facts essential to justify its opposition.

Rule 56(d) requires the nonmovant to offer specific reasons for its inability to present its opposition.  "The party seeking additional discovery must show:  '(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion.'"  *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (citation omitted).  The Declaration of Patrick A. Watts, appended to Defendant's Rule 56(d) Motion, satisfies all three of those requirements.  Doc [23-1].

Arguing against additional discovery, Plaintiff relies heavily on *Robin v. Miller & Steeno, P.C.*, No. 4:13CV2456 SNLJ, 2014 WL 3734318 (E.D. Mo. July 29, 2014).  Plaintiff's faith in *Robin* is misplaced.  In *Robin*, the defendant responded to the plaintiff's motion for summary judgment but not its statement of material facts.  *Id.* at *2.  As a result, the court accepted as true

---

[5] Defendant also raises the possibility that "Plaintiff brought the case in bad faith."  Bad faith is relevant under 15 U.S.C. § 1962k as a factor in calculating damages after finding a violation.  Because Plaintiff seeks a determination on whether a violation occurred, bad faith cannot be considered a basis for denial.

the plaintiff's statement of material facts, according to Eastern District of Missouri Local Rule 4.01(E). *Id.* Moreover, the court noted that the defendant "did not offer any evidence or argument" on its bona fide error defense, so the defense was waived. *Id.* at *2 n.1.

*Robin* differs from this case procedurally and substantively. Here, Defendant responded to Plaintiff's Motion for Partial Summary Judgment with a Rule 56(d) motion—not a memorandum in opposition. As a result, Local Rule 4.01(E) does not mandate that the Court accept Plaintiff's statement of material facts as undisputed. Further, Defendant has provided both evidence and argument related to its defenses, so it has not waived them.

In addition, Defendant raises substantive issues that *Robin* did not. In *Robin*, the defendant argued that no violation occurred because the "statements were not of the kind that § 1692c(a)(2) was designed to prevent." Defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment at 11, *Robin*, No. 4:13cv2456 SNLJ, 2014 WL 3734318. Here, Defendant argues that the surrounding circumstances—namely, the existence of consent or waiver—preclude the possibility of a violation. Nowhere does *Robin* or any other case cited by Plaintiff consider the text of § 1692c(a)(2) as it relates to consent, and all of Plaintiff's cited cases pre-date *Scheffler*'s holding on waiver. For all of these reasons, the Court does not find *Robin*'s holding to be dispositive of this case. Further, the Court finds no support in the statutory text for Plaintiff's argument that an attorney's instruction to his client to contact the debt collector can never constitute consent to direct communication between his client and that debt collector under 15 U.SC. § 1692c(a)(2).

The Court also notes that Plaintiff's early-filed Motion for Partial Summary Judgment and subsequent refusal to respond to discovery have severely limited Defendant's discovery. Although summary judgment may sometimes be appropriate before the end of discovery, the Court finds that Defendant has yet to have a full and fair opportunity to discover evidence relevant to the circumstances surrounding the alleged violation. *See Johnson v. Moody*, 903 F.3d 766, 772 (8th Cir. 2018).

Because Defendant has satisfied the requirements of Rule 56(d) and Plaintiff's arguments to prevent additional discovery are unavailing, the Court will grant Defendant's Rule 56(d) Motion and deny Plaintiff's Motion for Partial Summary Judgment.

### B. Defendant's Motion to Compel

"District courts are accorded wide discretion in dealing with discovery matters." *Centrix Fin. Liquidating Tr. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*, No. 4:12–MC–624–JAR, 2013 WL 3225802, at *2 (E.D. Mo. June 25, 2013) (citing *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988)). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Courts construe Rule 26(b)(1) broadly, *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), and parties wishing to limit the scope of discovery must do so by seeking a court order. Fed. R. Civ. P. 26(b)(1).

"Upon a showing by the requesting party that the discovery is relevant, the burden is on the party resisting discovery to explain why discovery should be limited." *Dapron v Spire, Inc. Ret. Plans Comm.*, 329 F.R.D. 223, 227 (E.D. Mo. Jan. 9, 2019) (citing *CitiMortgage, Inc. v. Allied Mortg. Grp., Inc.*, No. 4:10CV01863 JAR, 2012 WL 1554908, at *2 (E.D. Mo. May 1, 2012)). The party seeking to limit discovery must "establish grounds for not providing the discovery that are specific and factual." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) (citations omitted). When the objection to discovery arises from a claim of privilege, the party to benefit from the privilege bears the burden of establishing the right to invoke its protection. *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985).

Defendant moved to compel responses to certain disputed discovery requests. Doc. [27]. The disputed requests relate to the circumstances of the Plaintiff's relationship with her counsel and the circumstances of the phone call that allegedly gave rise to an FDCPA violation. Defendant believes that the information is necessary to present a full defense; Plaintiff argues that the information is irrelevant and/or privileged, or that the requests are "premature."

Defendant has not demonstrated that Interrogatories 8 and 9 are relevant. It is not at all clear how knowing how many times Plaintiff communicated with her counsel would help Defendant discern whether counsel consented to direct communication between Plaintiff and Defendant. Similarly, Defendant has not shown how the method of communication between Plaintiff and her counsel could support an inference of consent. Because Defendant has failed to meet its burden of proving relevance, the Court will deny the motion to compel as to Interrogatories 8 and 9.

The Court finds that the remaining disputed discovery requests seek information that is relevant to the issues of consent and waiver.  Accordingly, the burden shifts to Plaintiff to justify not answering those requests.  *Vallejo*, 903 F.3d at 743.  Plaintiff argues that the discovery disputes are either premature or protected by privilege.[6]  Doc. [29].  The objection for prematurity is meritless.  Plaintiff's attempt to unilaterally restrict discovery based on her own Motion for Partial Summary Judgment—rather than a court order—is improper under the Federal Rules.  *See Liguria Foods, Inc. v. Griffith Lab'ys, Inc.*, 320 F.R.D. 168, 186 (N.D. Iowa 2017) (finding that discovery requests "propounded after the time specified in Rule 26(d)(1) or (d)(2)" and in the absence of an "order specifying the timing of discovery on any specific issues" could not be "premature").

Plaintiff's privilege objection relies on an oral ruling on a motion to quash in *Eoff v. Pro. Bureau of Collections of Maryland*, No. 4:13-cv-1705 CDP (E.D. Mo. March 17, 2014), ECF No. [34].  Doc. [29] at 6.  *Eoff* is inapposite.  It is true that Defendant seeks here to obtain "information regarding the circumstances" of Plaintiff's inquiry, *id.*, and also that the court denied the deposition of Eoff's trial counsel about such circumstances in relation to his claim under 15 U.S.C. § 1692g, in part because the Court did not believe that it was likely to lead to the discovery of admissible evidence.  But there are two notable differences between *Eoff* and this case.  First, Defendant here has not asked to depose Plaintiff's counsel, which is an extraordinary measure that is subject to its own very high standard.  *See Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).  That standard played a significant role in the *Eoff* court's decision on the motion to quash, and it is wholly inapplicable here.  Second, as the Court already outlined above, in light of the textual exceptions that apply *only* to § 1692c and the Eighth Circuit's holding in *Scheffler*—which post-dated *Eoff* by four years—the factual circumstances surrounding Plaintiff's call to Defendant *are* relevant to Plaintiff's § 1692c(a) claim, even if they were not to Eoff's claim under § 1692g.  Thus, *Eoff* has little relevance to the decision before this Court.

Because Plaintiffs have failed to provide "specific and factual" "grounds for not providing the discovery," *Vallejo*, 903 F.3d at 743, the Court will grant Defendant's motion to

---

[6] Plaintiff's principal argument as to relevance is that the circumstances of the phone call have no bearing on whether there is a violation of the FDCPA.  The Court has already addressed that argument, *supra*, and thus will not address it here.

10

compel as to all of the disputed discovery requests except for Interrogatories 8 and 9, and Plaintiff is ordered to respond to the remaining disputed requests.  If any responsive documents must be withheld due to attorney-client privilege, Plaintiff must produce a detailed privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A).

### C.  Requests for Extension of Discovery

Defendant requested that the Court extend discovery under Federal Rule of Civil Procedure 56(d).  Doc. [23].  Plaintiff requested that discovery be extended if the Court denies her Motion for Partial Summary Judgment.  Doc. [31].  Because this Order denies the Motion for Partial Summary Judgment and grants the Rule 56(d) motion, the parties are ordered to submit by December 10, 2020, a joint motion to amend the case management order.  The joint motion shall propose new dates for all as-yet-uncompleted phases of this litigation.  The parties are advised that the Court will not consider another dispositive motion before the close of discovery unless the movant has obtained prior leave of the Court.

### D.  Defendant's Motion for Summary Judgment

The last of the motions currently before the Court is Defendant's Motion for Summary Judgment, which again asserts Defendant's consent and waiver arguments and also challenges Plaintiff's constitutional standing.  Doc. [34].  Because Defendant's arguments, including as to standing, rely heavily on factual claims as to which it contends there has been insufficient discovery, Doc. [23] at 4, the Court will deny Defendant's motion for summary judgment as moot in light of this Order's discovery-related rulings.  At the close of discovery, Defendant may refile this or an amended motion for summary judgment, as appropriate.

## IV.   Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff Tonnette Jackson's Motion for Partial Summary Judgment (Doc. [16]) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant I.C. System, Inc.'s Motion to Compel (Doc. [27]) is **DENIED** as to Interrogatory Numbers 8 and 9 and **GRANTED** as to all other requests.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. [34] is **DENIED AS MOOT** in light of the Court's discovery-related rulings.

**IT IS FURTHER ORDERED** that the parties' requests for additional time for discovery (Docs. [23], [31]) are **GRANTED**.  Parties shall submit a joint motion to amend the case management order no later than **December 10, 2020**.

**IT IS FINALLY ORDERED** that the Court will not consider any further dispositive motions until after the close of discovery as set out in the revised case management order to be issued pursuant to the parties' joint submission described above, unless the movant has obtained prior consent of the Court.


Dated this 30th day of November, 2020.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE